UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
Woodrow Flemming,

                              Plaintiff,                ORDER
                                                                       02CV6613 (SLT)(LB)

   – against –

City of New York, et al.,

                              Respondents.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
SANDRA L. TOWNES, District Judge


        On December 16, 2002, *pro se* Plaintiff Woodrow Flemming ("Flemming") filed a complaint under 42 U.S.C. § 1983 against various Defendants alleging a violation of his civil rights. On September 17, 2004, Defendant Lawrence Liebman ("Liebman") filed a motion to dismiss the complaint, which this Court granted as to Defendant Liebman in a March 31, 2005 ruling. (*See* Mem. and Op. of 3/31/05.)

        On August 24, 2005, Plaintiff Woodrow Flemming filed a "[m]otion for a more definite statement for a phone conference and order pursuant to Rule 60(b), 59(e) and 56.2 and to order a hearing to vacate judgment and reinstate all pleadings of 1983 civil rights complaint." However, Plaintiff has already filed a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (*See* Mot. to Vacate of 4/18/05.) Having failed to allege any exceptional circumstances warranting relief from this Court's order, that motion was denied by this Court on July 20, 2005. (*See* Order of 7/20/05.)

        The other two rules under which Plaintiff seeks relief are no more promising. A motion to alter or amend a judgment pursuant to Rule 59(e) must be filed "no later than 10 days

after the entry of judgment." Fed. R. Civ. P. 59(e). Defendant Liebman was dismissed on March 31, 2005. To the extent Plaintiff would be entitled to any remedy under Rule 59(e), which is a ruling this Court does not make, his application is untimely. Finally, Plaintiff cites Rule 56.2, a local rule of this district requiring special notice for a *pro se* party opposing a motion for summary judgment. As there has not been a motion for summary judgment in this action, Rule 56.2 has yet to be implicated. Accordingly, Plaintiff's motion is denied.

**SO ORDERED.**

_____S/_____
SANDRA L. TOWNES
UNITED STATES DISTRICT JUDGE

Dated: August 29, 2005
        Brooklyn, NY